### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com

Attorneys for Plaintiff, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Saul Garcia, on behalf of himself and all other persons similarly situated, | DOCKET NO. 1:24-cv-03566 |
| *Plaintiff*, | |
| - *vs.* - | **COMPLAINT** |
| ABC Corp. d/b/a Tasty's Diner, Nick Milatos, and Electra Milatos, | **COLLECTIVE ACTION** |
| *Defendants*. | |

Plaintiff Saul Garcia by and through his undersigned attorneys, for his complaint against defendants ABC Corp. d/b/a Tasty's Diner (hereinafter referred to as "Tasty's Diner"), Nick Milatos, and Electra Milatos, on behalf of himself and all other persons similarly situated, allege as follows:

### NATURE OF THE ACTION

1. Plaintiff Saul Garcia, on behalf of himself and all other persons similarly situated, current and former

1

employees of defendants Tasty's Diner, Nick Milatos, and Electra Milatos, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), allege that he is entitled to recover from Defendants, jointly and severally: (i) compensation for unpaid wages paid at less than the statutory minimum wage; (ii) compensation for unpaid wages for overtime work for which Defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; and (III) compensation for Defendants' violations of the "spread of hours" requirements of New York Labor Law;

2. Plaintiff Saul Garcia further complains that he is entitled to recover from Defendants: (i) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because Defendants' violations lacked a good faith basis; (ii) compensation for Defendants' illegal deductions from gratuities under New York Labor Law §§ 196-d and 663; (v) liquidated damages pursuant to New York Labor Law for these violations; and (vi) statutory damages for Defendants' violation of the Wage Theft Prevention Act.

## THE PARTIES

3. Plaintiff Saul Garcia is an adult individual residing in Queens, New York.

4. Mr. Saul Garcia consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b);

5. Defendant ABC Corp. d/b/a Tasty's Diner is a domestic business corporation operating an American restaurant organized under the laws of the State of New York with its place of business at 33-04 Ditmars Blvd, Astoria, NY 11105.

6. At all relevant times, defendant Tasty's Diner has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

7. Upon information and belief, at all relevant times, defendant Tasty's Diner has had gross revenues in excess of $500,000.00.

8. Upon information and belief, at all relevant times herein, defendant Tasty's Diner has used goods and materials produced in interstate commerce and has employed at least two individuals who handled such goods and materials.

9. Upon information and belief, defendant Nick Milatos is an owner or part owner and principal of Tasty's Diner, who

has the power to hire and fire employees, set their wages and schedules, and maintain their records.

10. At all relevant times, defendant Nick Milatos was involved in the day-to-day operations of Tasty's Diner and played an active role in managing the business.

11. Upon information and belief, defendant Electra Milatos is a manager of Tasty's Diner, who has the power to hire and fire employees, set their wages and schedules, and maintain their records.

12. At all relevant times, defendant Electra Milatos was involved in the day-to-day operations of Tasty's Diner and played an active role in managing the business.

13. Defendants constituted "employers" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## COLLECTIVE ACTION ALLEGATIONS

16. Pursuant to 29 U.S.C. § 206 and § 207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by Defendants in the United States at any time since May 16, 2021, to the entry of judgment in this case (the "Collective Action Period"), who were restaurant employees, and who were not paid statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

17. The Collective Action Members are similarly situated to Plaintiff in that they were employed by Defendants as non-exempt employees and were denied payment at the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

18. The Collective Action Members are further similarly situated in that Defendants had a policy and practice of

knowingly and willfully refusing to pay them the minimum wage or overtime.

19. Plaintiff and the Collective Action Members perform or performed the same or similar primary duties and were subjected to the same policies and practices by Defendants.

20. Upon information and belief, Defendants employed approximately 5 employees or more during the relevant statutory period, who Defendants subjected to similar unlawful payment structures that violated applicable law.

21. Defendants suffered and permitted Plaintiff, and the Collective Class, to regularly work more than forty hours per week without appropriate overtime compensation.

22. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

23. Defendants had knowledge that Plaintiff and the Collective Class regularly performed work requiring overtime pay.

24. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiff, as well as the Collective Class.

25.  Defendants are liable under the FLSA for failing to properly compensate Plaintiff, and the Collective Class, and as such, notice should be sent to the Collective Class.

**FACTS**

26.  At all relevant times herein, Defendants owned and operated Tasty's Diner, an American restaurant located in Queens, New York.

27.  Plaintiff Saul Garcia was employed at Tasty's Diner from approximately September 2018, until April 2022.

28.  During his employment at Tasty's Diner plaintiff Saul Garcia worked as a delivery boy, maintenance boy, dishwasher, and prep-cook.

29.  From approximately September 2018, until April 2022, during his employment at Tasty's Diner plaintiff Saul Garcia worked from Sunday from 8:00 a.m. to 11:00 p.m., Monday from 2:00 p.m. to 1:00 a.m., Wednesday and Thursday from 3:00 p.m. to 12:00 a.m., Friday and Saturday from 1:00 p.m. to 2:00 a.m., with Tuesday day off.

30.  As a result, plaintiff Saul Garcia was typically working approximately 71 hours per week during his employment by Defendants.

31.   During his employment at Tasty's Diner plaintiff Saul Garcia had no breaks.

32.   During his employment at Tasty's Diner plaintiff Saul Garcia was paid weekly, always in cash $300, plus tips.

33.   Plaintiff Saul Garcia received the weekly amounts described herein above for all hours worked each week, regardless of the exact number of hours worked in a given week.

34.   Plaintiff's work was performed in the normal course of Defendants' business, was integrated into the business of Defendants, and did not involve executive or administrative responsibilities.

35.   At all relevant times herein, Plaintiff was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

36.   As a result, Plaintiff's effective rates of pay were each below the statutory New York City minimum wage in effect at relevant times.

37.   Defendants' failure to pay Plaintiff an amount at least equal to the New York City minimum wage in effect during relevant time periods was willful and lacked a good faith basis.

38.   Plaintiff has been paid in cash throughout his employment by Defendants and received no paystubs or wage statements of any sort with his pay.

39.   In addition, Defendants failed to pay Plaintiff any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

40.   Defendants' failure to pay Plaintiff the overtime bonus for overtime hours he each worked was willful and lacked a good faith basis.

41.   Defendants also failed to pay Plaintiff an additional hour's pay at the minimum wage for each day he worked a shift lasting in excess of ten hours from start to finish ("spread-of-hours premium").

42.   Defendants failed to provide Plaintiff with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, Defendants' contact information, the regular and overtime rates, and intended allowances claimed – and failed to obtain each Plaintiff's signature acknowledging the same, upon each Plaintiff's hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

43.  Defendants failed to provide Plaintiff with weekly records of his compensation and hours worked, in violation of the Wage Theft Prevention Act.

44.  Defendants failed to provide Plaintiff with a written notice that he would be taking tip credit from the minimum wage.

45.  Upon information and belief, throughout Plaintiff's employment with Defendants, both before that time (throughout the Collective Action Period) and continuing until today, Defendants have likewise employed other individuals like Plaintiff (the "Collective Action Members") in positions at Defendants' business that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

46.  Upon information and belief, Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

47.  Upon information and belief, Defendants have failed to pay these other individuals at a rate at least equal to

the minimum wage, in violation of the FLSA and the New York Labor Law.

48. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet Defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

49. Upon information and belief, these other individuals were not provided with required wage notices, and/or weekly wage statements, and/or written notices that they would be taking tip credit from the minimum wage as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

50. Upon information and belief, while Defendants employed Plaintiff and the Collective Action Members, and through all relevant time periods, Defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

51. Upon information and belief, while Defendants employed Plaintiff and the Collective Action Members, and through all relevant time periods, Defendants failed to post or keep posted a notice explaining the minimum wage and

overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (New York Labor Law – Minimum Wage)

52. Plaintiff, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

53. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

54. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

55. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

56. Due to Defendants' New York Labor Law violations, Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and

disbursements of the action, pursuant to New York Labor Law
§ 198, and § 663(1).

## COUNT II

### (Fair Labor Standards Act - Overtime)

57. Plaintiff, on behalf of himself and all Collective
Action Members, repeats, realleges, and incorporates by
reference the foregoing allegations as if set forth fully and
again herein.

58. At all relevant times, Defendants employed
Plaintiff and each of the Collective Action Members within
the meaning of the FLSA.

59. At all relevant times, Defendants had a policy and
practice of refusing to pay overtime compensation to their
employees for hours they worked in excess of forty hours per
workweek.

60. As a result of Defendants' willful failure to
compensate their employees, including Plaintiff and the
Collective Action Members, at a rate at least one-and-one-
half times the regular rate of pay for work performed in
excess of forty hours per workweek, Defendants have violated,
and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq.,
including 29 U.S.C. §§ 207(a)(1) and 215(a).

61.   The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

62.   Due to Defendants' FLSA violations, Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**COUNT III**

**(New York Labor Law - Overtime)**

63.   Plaintiff, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

64.   At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

65.   Defendants willfully violated Plaintiff's rights by failing to pay overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of

the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

66.  Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

67.  Due to Defendants' New York Labor Law violations, Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV

### (NEW YORK LABOR LAW – SPREAD OF HOURS)

68.  Plaintiff, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

69.  At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

70.  Defendants willfully violated Plaintiff's rights by failing to pay an additional hour's pay at the minimum wage

for each day worked a shift lasting in excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R. § 142-2.4.

71. Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 163 and supporting regulations.

72. Due to Defendants' New York Labor Law violations, Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V
### (New York Labor Law – Wage Theft Prevention Act)

73. Plaintiff, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

74.   At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

75.   Defendants willfully violated Plaintiff's rights by failing to provide the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

76.   Defendants willfully violated Plaintiff's rights by failing to provide weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

77.   Due to Defendants' New York Labor Law violations relating to the failure to provide paystubs, Plaintiff and the Collective Action Members are entitled to recover from Defendants statutory damages of $250 per day, for each day of their employment by Defendants, up to the maximum statutory damages.

78.   Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiff and the Collective Action Members are entitled to recover from Defendants statutory damages of $50 per day for each day of their employment by Defendants, up to the maximum statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a.  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

b.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c.  An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

18

d.  A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e.  Compensatory damages for failure to pay the minimum wage pursuant to New York Labor Law;

f.  Compensatory damages for failure to pay the "spread of hours" compensation pursuant to New York Labor Law;

g.  An award of liquidated damages as a result of Defendants' willful failure to pay the statutory minimum wage, overtime, and "spread of hours" compensation pursuant to 29 U.S.C. § 216;

h.  Liquidated damages for Defendants' New York Labor Law violations;

i.  Statutory damages for Defendants' violation of the New York Wage Theft Prevention Act;

j.  Back pay;

k.  Punitive damages;

l.  An award of prejudgment and post judgment interest;

m.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n.  Such other, further, and different relief as this Court deems just and proper.


Dated: Mary 15, 2024

<u>/s/ Michael Samuel</u>
Michael Samuel (MS 7997)
THE SAMUEL LAW FIRM
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
Attorneys for Plaintiff,
*Individually and on behalf of an
FLSA collective action*